IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA LEE BRAUN : CIVIL ACTION
:
v. :
:
ROBERT BRUCE BELLAIRS, JR. : NO. 13-3191
LISA MARIE BELLAIRS :

MEMORANDUM

GARDNER, J.                                          JUNE 17th, 2013

Brenda Lee Braun filed this pro se civil action against Robert Bruce Bellairs, Jr. and Lisa Marie Bellairs. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint.

I. FACTS

Plaintiff alleges that Mr. Bellairs abused her physically, verbally, mentally, emotionally, and sexually from March 1, 2010 through August 18, 2010, and again from March 1, 2011 to June 28, 2011. She further alleges that Ms. Bellairs borrowed money from her, but failed to repay her. Plaintiff seeks $200,000 in damages and a restraining order, among other things.[1]

---

[1] Plaintiff, who is currently a resident of Pennsylvania, initially filed her claims in the District of Delaware in March of 2013, when she lived in Delaware. See Braun v. Bellairs, Civ. A. No. 13-449 (D. Del.). That action was dismissed for lack of subject matter jurisdiction because, although the parties were diverse in citizenship at the time plaintiff filed her claims, she only sought $6,109.00 in damages - far below the jurisdictional threshold set forth in 28 U.S.C. § 1332. Plaintiff, who had since moved to Pennsylvania, was given leave to file an amended complaint, but failed to do so. Instead, she filed a new complaint in this court seeking $200,000.00.

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In her complaint, and on the designation form accompanying her complaint, plaintiff indicates that she is raising federal questions, including claims under the Jones Act. However, the Court cannot discern from the complaint any basis for a claim under the Jones Act, which applies in admiralty cases, or for any other federal claim.

To the extent that plaintiff raises state tort claims against Mr. Bellairs and a state contract claim against Ms.

Bellairs, there is no basis for jurisdiction over those claims. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). However, diversity is lacking because the complaint indicates that all of the parties are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law and that there is no basis for diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The dismissal of plaintiff's state claims is without prejudice to her ability to pursue those claims in state court. An appropriate order follows.